254 A.2d 87.

INDUSTRIAL NATIONAL BANK OF RHODE ISLAND, *Trustee u/w of* ROBERT H. CHAMPLIN *vs.* HELEN C. LAWRENCE, *et al.*

JUNE 6, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This civil action was commenced in the superior court by a complaint and summons. It seeks con-

---

struction of and instructions relative to a certain indenture of trust. When the cause was ready for hearing for final judgment in the superior court, a justice thereof certified the cause to this court as provided in G. L. 1956, §9-24-28, as amended.

On January 22, 1930, Robert H. Champlin, hereinafter referred to as settlor, executed an indenture of trust wherein the then Union Trust Company, plaintiff's predecessor, was named trustee. The previous day settlor had deposited with the Union Trust Company 12 policies of insurance on his life and, by the terms of the trust agreement, provided that said policies be held by the bank as trustee for the purpose of funding said trust.

In paragraph four of the trust agreement, settlor reserved the rights to thereafter, by an instrument in writing, terminate said trust; add to or withdraw from said trust securities funding the same; borrow thereon and/or modify the purposes for which the trust was created. It would serve no useful purpose to protract this opinion by including at this juncture the full text of the powers reserved. To facilitate a complete understanding thereof, however, the provisions of said paragraph four are separately appended.

The beneficiaries of the trust as originally executed were set forth in paragraphs seven, eight and nine. However, the beneficiaries designated in paragraphs seven and eight were omitted by an instrument executed by the settlor on December 11, 1930, and need not be mentioned. Indeed, not only were said beneficaries omitted by the December 11, 1930 instrument, but the original paragraphs seven and eight were stricken from the trust indenture and new paragraphs seven and eight substituted. These new paragraphs provided, in effect, for the investment of the proceeds from the life insurance policies on settlor's death with the annual income therefrom going to settlor's wife for life.

It is appropriate to note at this point that the instant

litigation came about because of uncertainty regarding the December 11, 1930 instrument and its effect on paragraph nine of the original trust agreement, which paragraph was also purportedly amended, as will hereinafter appear.

Originally, provisions for a life estate for settlor's wife were included in paragraph nine, together with provisions for other beneficiaries. As previously noted, however, by the instrument executed December 11, 1930, the original seventh and eighth paragraphs were rewritten to make provision for settlor's wife, and that instrument also rewrote paragraph nine of the original indenture by making provisions for distribution of the trust estate to settlor's next of kin upon the death of settlor's wife. If settlor's wife predeceased him, distribution to his next of kin would be made at the death of settlor.

On January 23, 1936, settlor executed a new instrument purporting to amend paragraph nine of the original indenture as amended by the December 11, 1930 instrument. As thus finally amended, paragraph nine reads as follows:

> "NINTH: Upon the death of my wife I hereby authorize and direct said trustee to retain and hold the remainder of said trust estate as a perpetual charitable trust fund, keeping it invested in good income-producing investments and to collect the income therefrom, and after the payment out of said income of all expenses of caring for and managing said trust estate, including a reasonable compensation to said trustee for its services as such trustee, to use or apply the net income from said trust estate for the maintenance of the Robert H. Champlin Memorial Library to be erected in the Town of West Warwick as may be provided in and by my last will and testament, for the purchase of books, furniture and other equipment for the same and for the general purposes of supporting said library; in the event that said Robert H. Champlin Memorial Library shall not be erected within five years after the death of the survivor of myself and of my said wife, I direct said trustee to use or apply said

net income in its discretion for the general maintenance of and purchase of books and equipment for, any one or more public libraries then existing in said Town of West Warwick, or for such other purposes as in its discretion will best advance the educational, charitable or literary interest of said Town."[1]

It should be noted that in both the December 11, 1930 and January 23, 1936 instruments, settlor prefaces the changes of beneficiaries by specifically referring to the powers reserved in paragraph four of the original agreement. Moreover, he concluded the December 11, 1930 instrument with the statement, "Except as hereinbefore modified I hereby ratify and confirm said trust agreement." The January 23, 1936 amendment concludes with "Except as hereinbefore modified I hereby ratify and confirm said trust agreement and said amendment thereto dated December 11, 1930."

However, in the December 11, 1930 instrument, after referring to the powers reserved in paragraph four of the original agreement, settlor commenced with the words,

"NOW THEREFORE, I, the said Robert H. Champlin, by virtue and in exercise of the rights and powers reserved to me in said trust agreement, do hereby by this writing demand and require that said Union Trust Company forthwith assign, transfer, pay over and deliver to me all of the trust estate now held by said Union Trust Company as trustee under said trust agreement."

This language, certain of the defendants contend, had the effect of terminating the trust, leaving nothing on which the January 23, 1936 purported amendment could operate. Before turning to a consideration and disposition

---

[1] The record discloses that the settlor by a will executed October 15, 1953, and probated in the probate court for the town of West Warwick, bequeathed $100,000 in trust for the erection of the Robert H. Champlin Memorial Library, which library was erected pursuant to the provisions of such trust and authorized by a decree of the superior court dated July 9, 1965.

of such contention, however, further factual narration is advisable.

The record establishes that Mrs. Champlin did predecease settlor, her death occurring on December 29, 1957. The settlor died on February 19, 1963, at which time plaintiff trustee was in possession of 12 policies of insurance on settlor's life. Eleven of these policies were among the 12 delivered to the trustee on January 21, 1930, and the twelfth had been delivered to the trustee on December 11, 1930, the date of the first amendment.

The plaintiff, as successor trustee to Union Trust Company, made demand on the several insurance companies involved and said companies made payments to plaintiff as trustee. However, Helen C. Lawrence and William H. Champlin, Jr., settlor's next of kin and hereinafter referred to as defendants, demanded that plaintiff pay the proceeds of the policies to them, claiming title thereto as beneficiaries on their theory of a resulting trust.

Thereupon plaintiff commenced the instant proceedings and, after a hearing in the superior court, the cause was certified to this court as heretofore stated. So certified, there are presented for our determination, two issues, the first of which plaintiff, in its complaint frames as follows:

> "1. Is the provision contained in the Ninth Article of the Trust Indenture as amended for the maintenance of the Robert H. Champlin Memorial Library or for public libraries in the Town of West Warwick valid and effective?"[2]

It is defendants' contention that by the execution of the December 11, 1930 instrument wherein settlor makes demand on the trustee that the insurance policies be returned to him, he effectuated a termination of the trust agreement.

---

[2]The second issue seeks instructions as to the proper disposition of the insurance policy proceeds in the event that the quoted issue were to be answered in the negative. Since our answer to that issue is in the affirmative, we do not reach the second issue.

Hence, defendants argue, the January 23, 1936 instrument, purporting to amend paragraph nine of the trust agreement, was a nullity, there being no existing trust to which the amendment could apply. This being so, they further argue, the proceeds of the insurance policies should be paid to them as aforesaid.

The defendants cite no authority for their position. In light of undisputed evidence, however, we are not required to inquire into the validity of their claim. This is so because the record discloses that contemporaneously with the execution of the December 11, 1930 instrument on which defendants rely, settlor delivered to the trustee a policy of insurance on his life not theretofore part of the corpus. Thus in point of fact, the trust was never totally lacking a corpus and therefore, even on defendants' theory, never terminated.

Accordingly, paragraph nine as finally amended on January 23, 1936, is valid and the first question propounded must be answered in the affirmative.

The parties may present to this court for approval a form of judgment, in accordance with this opinion, for entry in the superior court.

*Hinckley, Allen, Salisbury & Parsons, Stuart H. Tucker, Thomas D. Gidley*, of counsel, for plaintiff.

*Lennon & Marran, Joseph E. Marran, Jr., McElroy, Regan & Carberry*, attorneys for Kent County Memorial Hospital, *Herbert F. DeSimone*, Attorney General, *Charles G. Edwards*, Assistant Attorney General, *W. Slater Allen, Jr.*, Special Assistant Attorney General, for defendants.